IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SPACETIME3D, INC.<br><br>      Plaintiff,<br><br>      v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>      Defendants. | Civil Action No.  2:19-cv-00372-JRG<br><br>JURY TRIAL DEMANDED |

**SPACETIME3D'S MOTION TO COMPEL EMAIL DISCOVERY
AND HISTORICAL ORGANIZATIONAL CHARTS**

Plaintiff SpaceTime3D, Inc. ("SpaceTime3D") respectfully moves the Court to compel Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants" or "Samsung") to comply with its discovery obligations by promptly (1) producing emails for email custodians on which the parties have been in agreement for months, (2) providing hit counts for search terms to which they object as overbroad or unduly burdensome, and (3) producing historical organizational charts so that SpaceTime3D can select four additional suitable custodians. SpaceTime3D has pressed Defendants for months to provide these documents and information to no avail. The parties' lead and local meet and confer on September 4 likewise proved unfruitful. SpaceTime3D now respectfully seeks the Court's assistance to compel Defendants to comply with its email discovery obligations.

## FACTUAL BACKGROUND

Defendants have engaged in a pattern of delay and obstruction throughout this litigation. After trickling out only a total of 329 documents (excluding prior art references and claim construction discovery) prior to the substantial completion deadline, Defendants produced 60,641 documents in literally the last hour of that deadline on September 9, 2020. Such gamesmanship directly contravenes this Court's directive that "[c]ounsel are expected to make good faith efforts to produce all required documents **as soon as they are available and not wait until the substantial completion deadline**." Dkt. 26, at 3 (emphasis added).

Defendants have similarly dragged their feet with regard to email discovery, producing zero emails before the September 9 substantial completion deadline even though SpaceTime3D began serving its email discovery requests on June 29. The email discovery at issue falls under three buckets: (1) custodians for which the parties have reached agreement on relevant time periods and search terms; (2) custodians for which Defendants have objected to certain proposed search

1

terms; and (3) custodians that must be replaced or supplemented with more information from Defendants due to Defendants' failure to adequately disclose relevant persons with knowledge in their Initial and Additional Disclosures and throughout litigation.

For the two custodians in the first bucket, YoungWoo Choi and Daniel Yoon, the parties have agreed on the propriety of SpaceTime3D's search terms and time periods for over a month. For Choi, SpaceTime3D served email discovery requests on June 29, and the parties reached agreement on terms by August 4. For Yoon, SpaceTime3D served search terms (largely the same as the ones for Choi to which Defendants had already agreed) on August 12, and Defendants agreed to proceed with producing emails without objection. Notwithstanding this agreement, Defendants have communicated that they will not complete production of Choi and Yoon emails until September 30, and, to date, have not produced a single such email. *See* Park Decl. ¶¶ 5-7, 11, 15.

For the two custodians in the second bucket, Kitae Kim and Joonhee Lee, SpaceTime3D served email discovery requests initially on July 23 and, on August 10, revised the search terms and relevant time periods to reflect a meet and confer between the parties. *Id.* at ¶¶ 5, 10. For weeks thereafter, Defendants continued to object to the search terms as overbroad but refused to provide hit counts as required under the E-Discovery Order. *See* Dkt. 35, at ¶ 8 ("If a party objects to a search term on the ground that it would be too burdensome to produce all documents that hit on that term, the party shall produce a hit count to the requesting party."). After weeks of cajoling, on September 11, Defendants finally provided hit counts as to certain terms for Kim and Lee. *Id.* at ¶ 17. In response, SpaceTime3D stated that the terms hitting on fewer than 1,000 documents are reasonable and should be produced. For terms hitting on more than 1,000 documents, SpaceTime3D proposed that Defendants produce only the documents directly hitting on the terms, without family members, in the first instance, with the understanding that SpaceTime3D may

2

request the family members on a document-by-document basis upon review. *Id.* at ¶ 18. SpaceTime3D also narrowed one of its search terms for Kim that hit on over 6,000 documents. Defendants have yet to respond to this proposal.

Finally, SpaceTime3D has the opportunity to designate four more email custodians. *See* Dkt. 35, at ¶ 7 (eight custodians per side). SpaceTime3D originally served email requests for a fifth and sixth email custodian on August 12 based on relevance representations made by Defendants. On September 4, less than an hour before the parties' lead and local meet and confer, Defendants notified SpaceTime3D for the first time that ███████████████████████████████████████████████████████████████████████████████████████████████████████ *See* Park Decl. ¶ 15(c). Defendants full well knew that the relevant timeframe for email discovery in this case precedes that time period by several years yet did not disclose the extremely limited timeframe for which these two custodians would be relevant when they initially designated them as email custodians and persons most knowledgeable. After Defendants belatedly informed SpaceTime3D of these custodians' limited temporal relevance, SpaceTime3D requested that Defendants provide the names of other employees who held the same positions for the years prior to serve as replacement email custodians. Defendants have not done so even though those names should have been included in Defendants' disclosures and their response to SpaceTime3D's interrogatory seeking the names of the persons most knowledgeable. In addition, SpaceTime3D first requested historical organizational charts on March 24, *id.* at ¶¶ 1-3, but Defendants have provided none.

## ARGUMENT

### A.    Production of Emails from YoungWoo Choi, Daniel Yoon, and Future Custodians

YoungWoo Choi is a former SEA employee who primarily engaged in 2008-2010 pre-suit communications with SpaceTime3D about a potential licensing agreement between the parties

concerning the technology at issue in this case. Daniel Yoon was YoungWoo Choi's manager and also communicated with SpaceTime3D. Emails from both custodians are centrally relevant to SpaceTime3D's allegation that Defendants willfully infringed the patents-in-suit.

With the parties having been in agreement about the search terms for Choi and Yoon since early August, there is no reason that Samsung should drag out the production of their emails until September 30. Indeed, after the parties' August 3 meet and confer on proposed search terms, Defendants never objected to any term as overbroad and noted that they would proceed with production. Defendants further confirmed that they are not undertaking a responsiveness review and are producing emails only after a privilege review, which reduces the amount of time required to review documents before production. Under these circumstances, there is no excuse for Defendants not to have produced a single email to date, especially where the substantial completion deadline in this case was September 9. Indeed, the deadline to serve a privilege log was on September 9, and yet Samsung did not serve a log with any documents or emails. There is no reason that the production of emails should take until September 30 to complete. The depositions of these two key email custodians are scheduled for October 6 (Choi) and October 9 (Yoon). Defendants should be required to produce all emails no later than September 23 so that SpaceTime3D has adequate time to review the emails prior to the depositions.

In addition, given the Defendants' pattern of delay, the Court should require them to produce emails within two weeks of the parties' reaching agreement on search terms and relevant time periods for all future custodians. This measure is necessary to ensure that Defendants comply with their discovery obligations and produce emails with adequate time for remaining depositions to be conducted before the December 4 close of fact discovery.

B.      **Production of Hit Counts for Kitae Kim, Joonhee Lee, and Future Custodians**

Defendants identified ███████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████

Due to Defendants' monthlong objection to search terms for Kim and Lee without producing hit counts, in disregard for the E-Discovery Order, the parties will already have to postpone the September 21 and September 25 noticed deposition dates for these two custodians. Defendants have no defensible reason that it provided term-specific hit counts for the first time on September 11, when SpaceTime3D served the initial email discovery requests for these custodians on July 23 and served revised requests on August 10. After all, ████████████████████ ██████████████████████████████████████████████████████ After dragging out for over a month a task ██████████████████, the hit counts that Defendants finally provided on September 11 revealed that ██████████████████████████ ████████████████████████████████████

The Court should order Defendants to produce these two custodians' emails by September 25, two weeks from the date on which Defendants finally provided the above hit counts and almost two months since SpaceTime3D served revised search terms. For those terms that have more than 1,000 document hits, SpaceTime3D will accept just the documents directly hitting on the search term, without associated family members, in the first instance, with the understanding that SpaceTime3D reserves the right to follow up for family members on a document-by-document

basis after review. If Defendants still object to certain terms as overbroad, they should be required to provide hit counts within one day of the Court's order adjudicating this motion.

Finally, for remaining email custodians, the Court should require Defendants to provide hit counts for any search terms that they find overbroad within three business days of receiving email discovery requests. ███████████████████████ a requirement that hit counts be provided within three business days is a reasonable request that is necessary to keep the remainder of fact discovery on track.

### C. Production of Historical Organizational Charts Sufficient to Identify Remaining Relevant Email Custodians

Defendants should be required to produce historical organizational charts of both SEC and SEA for the departments of all persons with knowledge identified in (a) their April 13 Initial and Additional Disclosures, (b) April 23 responses to SpaceTime3D's interrogatories on persons most knowledgeable, and (c) May 1 disclosure of email custodians—for 2008, 2010, as well as for the statutory damages period. SpaceTime3D has requested such charts throughout this litigation. *See* Park Decl. ¶¶ 1-2. To date, Defendants have produced only four *current* organizational charts for SEC and no charts at all for SEA. *Id.* at ¶ 3. Without this information, SpaceTime3D cannot select the most suitable email custodians for the four remaining custodial slots for which it must serve email discovery requests by October 4.[1] *See* Dkt. 35, at ¶ 6 ("any email discovery request shall be served no later than two months before the fact discovery deadline," which is December 4).

Defendants' gamesmanship with regard to Yeonjoo Jwa and Youn Sun Lee, ███████
███████████████████████████████████████████████████████████████████████████

---

[1] Defendants have further obscured the names of individual custodians from whom non-email ESI has been collected and produced by putting generic terms like "Marketing," and "EasyAds" in the Custodian field. This practice eliminates yet another source through which SpaceTime3D can gather information on the Samsung employees who would serve as suitable email custodians.

███████████████████████████, demonstrates why the historical organizational charts are necessary. After Defendants' disclosure of these two employees and the testimony of their 30(b)(6) designee that ████████████████████████████████████████████████ SpaceTime3D served email discovery requests for the two custodians on August 12, *id.* at ¶ 11. For the first time on September 4, Defendants disclosed that ████████████████████ ████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████ This is long after the 2008-2010 period in which the parties engaged in pre-suit communications and after the November 2013 commencement of the statutory damages period.

The Court should require Defendants to produce the historical organizational charts for the departments and years identified above within one week of the Court's order, so that SpaceTime3D can choose replacement custodians for Jwa and Lee, as well as two additional custodians by October 4. If charts do not exist, then Defendants should produce documents sufficient to identify email custodians that had knowledge of the infringing features in 2008-2010 and 2013-present.

## CONCLUSION

For the reasons discussed above, SpaceTime3D respectfully moves this Court to compel Defendants to comply with its email discovery obligations by:

- Producing emails for custodians YoungWoo Choi and Daniel Yoon by September 23 and by producing all emails for all outstanding custodians within two weeks of reaching agreement on search terms and relevant time period;

- Producing emails for custodians Kitae Kim and Joonhee Lee by September 25, consistent with the terms of SpaceTime3D's September 11 proposal, and by producing hit counts for all outstanding custodians and search terms to which Defendants may object within three business days of receiving email discovery requests; and

- Producing historical organizational charts, within one week of the Court's order, to allow SpaceTime3D to select replacement custodians for Yeonjoo Jwa and Youn Sun Lee and to select its remaining two undesignated email custodians by October 4.

Dated: September 16, 2020					Respectfully submitted,

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr. – Lead Counsel
Texas State Bar No. 20213950
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com

Y. Gloria Park
New York Bar No. 5477047
SUSMAN GODFREY, L.L.P.
1301 Ave. of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gpark@susmangodfrey.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff SpaceTime3D, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for SpaceTime3D has conferred with counsel for Samsung via email. Further, lead and local counsel for SpaceTime3D conferred with lead and local counsel for Samsung by telephone on September 4 in a good-faith effort to resolve the matters raised by this motion. Counsel for Samsung is opposed as to the disposition of the matters raised in this motion.

*/s/ Max L. Tribble, Jr.*
Max. L. Tribble, Jr.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the protective order entered in this case because it contains information that Defendants have designated as Restricted - Attorneys' Eyes Only.

*/s/ Y. Gloria Park*
Y. Gloria Park

## CERTIFICATE OF SERVICE

I certify that on September 16, 2020, I electronically served the foregoing on all counsel of record vial email.

*/s/ Y. Gloria Park*
Y. Gloria Park