# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SPACETIME3D, INC.<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAMSUNG ELECTRONICS CO., LTD.,<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>　　　　Defendants. | Civil Action No.  2:19-cv-00372-JRG<br><br>JURY TRIAL DEMANDED |

## SPACETIME3D'S MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORIES, PRODUCTION OF LICENSE AGREEMENTS AND DAMAGES DISCOVERY, AND DEPOSITION DATES

Plaintiff SpaceTime3D, Inc. ("SpaceTime3D") respectfully moves the Court to compel Defendants Samsung Electronics Co., Ltd. ("SEC") and Samsung Electronics America, Inc. ("SEA") (collectively, "Defendants") to produce licenses and other damages discovery, fully respond to Interrogatory Nos. 7 and 9, which SpaceTime3D served on March 24, and provide witness availability for depositions, many of which were noticed as early as August 25.

## FACTUAL BACKGROUND

Defendants have engaged in a pattern of delay and obstruction throughout this litigation. They did not produce 60,641 of a total of 60,970 documents produced (excluding prior art references and claim construction discovery) until the very last hour of the substantial completion deadline, in direct contravention of the Court's directive that "[c]ounsel are expected to make good faith efforts to produce all required documents **as soon as they are available and not wait until the substantial completion deadline**." Dkt. 26, at 3 (emphasis added). Further, Defendants have not produced a single license agreement, despite SpaceTime3D's repeated request that Defendants produce such agreements. Defendants' discovery gamesmanship has extended to other aspects of discovery as well: They have refused for months to provide complete responses to SpaceTime3D's interrogatories served in March and have refused to provide deposition dates.

*<u>Interrogatories, License Agreements, and Damages Discovery</u>*: On March 24, SpaceTime3D served its first set of interrogatories, which included the following:

- INTERROGATORY NO. 7: Please identify with specificity (including by Bates number) all agreements in which You granted, or in which others granted You, any license or covenant rights under any patents that (a) relate to any Accused Product; (b) relate to any GUIs and/or (c) are relevant to the determination of any damages in this litigation, and identify all individuals having personal knowledge of the information set forth in your response.

- INTERROGATORY NO. 9: Identify by case name and number all patent litigation(s) (including ITC investigations), whether in the United States or in foreign countries, where the accused functionality is or relates to the graphical user interface of the Accused Products.

Park Decl., ¶ 1. On April 23, in response to Interrogatory No. 7, Defendants noted only that ███████████████████████████████████████████████ In response to Interrogatory No. 9, Defendants issued a barrage of objections. *Id.* at ¶ 2.

For months following these deficient responses, SpaceTime3D inquired as to when Defendants will supplement their responses. Finally, during a September 4 lead and local meet and confer, Defendants noted that ███████████████████████████████████████████ ███████████. *Id.* at ¶ 3. The September 23 supplemental response remains deficient, noting only that Defendants have ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████ *Id.* at ¶ 4. Defendants provide no more detail on the nature of the license agreements or the date by which they will be produced.

As to Interrogatory No. 9, on September 4, ███████████████████████████ ██████████████. Notwithstanding the fact that the interrogatory seeks information for litigation in which Defendants were a party, Defendants stated that ███████████████ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ██████████████. *Id.* at ¶ 3. Yet Defendants have not even abided by their own unreasonable position. On September 4, SpaceTime3D identified *Apple v. Samsung*, No. 11-cv-1846 (N.D. Cal.) and requested that Samsung produce the expert reports of Vincent O'Brien and Ramamirtham Sukumar from that litigation. *Id.* at ¶ 5 & Ex. 1. On September 21, SpaceTime3D further identified *Cypress Lake Software, Inc. v. Samsung Electronics America, Inc.*, Case No. 6:18-cv-00030-JDK (E.D. Tex.), and *Rockstar Consortium US LP v. Samsung Electronics Co., Ltd.*, Case No. 2:13-cv-00900-JRG (E.D. Tex.), from which Defendants should produce expert reports, settlement

2

agreements, and license agreements. Park Decl., ¶ 6 & Ex. 1. Defendants have failed to produce a single license agreement to date, from these cases or any other.

On September 23, SpaceTime3D notified Defendants that it would seek the Court's intervention regarding their deficient interrogatory responses and failure to produce licenses and expert reports if they did not provide an update on their plan to answer Interrogatory No. 9 and to produce the requested discovery, as detailed above. *Id.* at ¶ 7 & Ex. 1. On a September 24 call, Defendants requested additional information on the specific patents-in-suit from *Cypress* and *Rockstar* that SpaceTime3D contends is relevant. SpaceTime3D provide that information within three hours of the call and asked Defendants to commit to producing the requested *Apple*, *Cypress*, and *Rockstar* expert reports, as well as all licenses regarding the graphical user interfaces of the Accused Products, by November 1. *Id.* at ¶ 9 & Ex. 2. Defendants did not do so.

***Deposition Dates***: On August 25, SpaceTime3D noticed the depositions of Kitae Kim, Joonhee Lee, Yeonjoo Jwa, and Youn Sun Lee. On the same day, SpaceTime3D further served notices of subpoena for former Samsung employees YoungWoo Choi and Daniel Yoon and requested Defendants to confirm whether their counsel also represents Choi and Yoon. When Defendants' counsel confirmed their representation weeks later, SpaceTime3D promptly served the subpoenas. *Id.* at ¶¶ 10-11. Finally, on September 1, SpaceTime3D served its notice of 30(b)(6) deposition. *Id.* at ¶ 12. Defendants have failed to provide dates for any of these depositions.

On September 23, SpaceTime3D notified Defendants that it will seek the Court's intervention if Defendants do not provide (a) dates before November 1 for all noticed depositions, and (b) commit to producing all relevant documents, including emails, at least two weeks before the date of each respective deposition. *Id.* at ¶ 13 & Ex. 3. Defendants did not do so, noting only

3

that they "will be consolidating the individual notices with the 30(b)(6) notice" and that they plan to provide dates "soon" or "in due course." *Id.* at ¶ 14 & Ex. 3.

## ARGUMENT

### A. Complete Responses to Interrogatories No. 7 and 9 and Production of Licenses and Damages Discovery

The Court should compel Defendants to provide complete responses to Interrogatories No. 7 and 9 and to promptly produce licenses and requested damages discovery that will be relevant to opening expert reports. Defendants' refrain that "discovery is ongoing" and that they "will" produce licenses is deficient, as the deadline for fact discovery and for opening expert reports fall on the same date (December 4), and licenses and other damages discovery must be produced well in advance of that date so that SpaceTime3D and its experts have sufficient time to evaluate them.

Interrogatory No. 7 seeks information on agreements under which Defendants were granted or granted others "any license or covenant rights under any patents that (a) relate to any Accused Product; (b) relate to any GUIs and/or (c) are relevant to the determination of any damages in this litigation." The Interrogatory further requests the identification all individuals with personal knowledge of the information set forth in Defendants' response. Interrogatory No. 9 seeks information on all patent litigation where the "accused functionality is or relates to the graphical user interface of the Accused Products." The purpose of these Interrogatories is to identify potentially comparable licenses and other damages materials from prior cases involving Defendants that are critical to putting together SpaceTime3D's damages model.

Two relevant factors for calculating a reasonable royalty are "[t]he rates paid by the [hypothetical] licensee for the use of other patents comparable to the patent in suit" and "[t]he portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions." *Georgia-*

4

*Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (*Georgia-Pacific* factors 2 and 12). This Court has routinely held that license agreements are relevant to the hypothetical-negotiations analysis and are thus discoverable. *See, e.g.*, *Mirror Worlds Techs., LLC v. Apple Inc.*, No. 6:13-cv-419, 2016 WL 4265758, at *1 (E.D. Tex. Mar. 17, 2016) (ordering defendant to produce 22 additional license agreements, on top of the over 60 agreements already produced, as the "withheld agreements are relevant to the action . . . based upon *Georgia-Pacific* factors 2 and 12 and the form of the license agreement that would have been entered into as a result of a hypothetical negotiation"); *Microunity Sys. Eng'g, Inc. v. Apple, Inc., et al.*, No. 2:10-cv-091-LED-RSP (E.D. Tex. June 19, 2012) (Dkt. 445) (granting plaintiff's motion to compel and ordering defendant Apple "to produce within 7 days: (1) all license agreements entered into by Apple that relate to Apple's accused products, and (2) all expert reports and expert depositions regarding damages in all litigation involving the accused Apple products in which Apple and any other current Defendant in this litigation were or are parties.").

Weighed against relevance of the discovery sought, Defendants have not met their burden to establish that SpaceTime3D's requests are overly broad or unduly burdensome. First, as to Interrogatory No. 7, Samsung has conceded the interrogatory's propriety by agreeing to produce two license agreements. What is unacceptable, however, is that Samsung has not yet produced any agreements and is still stating only that two agreements "*will be* produced." It has been 10 months since the Complaint was filed and 6 months since SpaceTime3D served the interrogatory at issue. Defendants have had more than ample time to identify and produce licenses, rather than vaguely alluding to the fact that two of them will be produced in the future. *See Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, 2018 WL 4620634, at *2 (E.D. Tex. Apr. 27, 2018) ("At this stage in the litigation, Tesco's actions are inexcusable. This case has been

5

pending for nearly eleven months and Tesco has been well aware of its discovery obligations as set forth in both the Discovery Order and the Docket Control Order. While the Court recognizes that there is a duty to supplement discovery responses that necessitates ongoing searches, the duty to supplement is not an excuse for delay as to initiating searches.").

Second, as to Interrogatory No. 9, Samsung's boilerplate objections, as reproduced in their entirety in Paragraph 2 of the accompanying Park Declaration, do not meet Federal Rule 33(b)(4)'s requirement that objections to interrogatories be stated "with specificity." In *CyWee Group Ltd. v. Samsung Elecs. Co., Ltd., et al.*, plaintiff moved to compel Defendants to identify every license agreement that its licensing team has participated in negotiating for "all Samsung mobile phones sold in the United States since 2010." No. 2:17-cv-00140-RWS-RSP, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018). The Court granted the motion as to this interrogatory, rejecting Defendants' objection that it "is too broad because it calls for all licenses regardless of subject matter." *Id.* Specifically, the court held that "Defendants have not proffered any specifics concerning the 'substantial costs' of identifying the requested information" and that "[g]iven Defendants' position as a sophisticated business entity, such identification [of license agreements] should be straightforward." *Id.* The court further recognized: "Although only comparable licenses are proper in a hypothetical-negotiation analysis, Defendants' position allows them to unilaterally decide which licenses are comparable and therefore worthy of production. [Plaintiff] should be able to explore whether Defendants' selection of 'comparable' licenses are too exclusive, and Defendants' identification of the requested licenses is part of allowing [Plaintiff] to do so." *Id.*

Similarly, here, the Court should order Defendants to answer Interrogatory Nos. 7 and 9 so that the parties can be on equal footing to evaluate the comprehensiveness of any comparable licenses that Defendants may produce in the future and to know which prior litigation involving

6

Defendants may yield licenses and damages materials relevant to this case. Further, as to the three litigations that SpaceTime3D has already identified as relevant, the Court should order Defendants to produce the licenses, settlement agreements, and expert reports from those cases whose relevance Defendants have not disputed.[1]

### B.   Deposition Dates

The Court should order Defendants to provide dates for depositions of witnesses for whom SpaceTime3D served depositions notices on August 25. Defendants' excuse for ignoring SpaceTime3D's deposition notices is that they "will be consolidating the individual notices with the 30(b)(6) notice [served on September 1], and producing any witnesses who will testify in both capacities at one time." Park Decl. ¶ 14 & Ex. 3. But it is unreasonable to refuse to provide dates because Defendants are evaluating whether certain 30(b)(1) witnesses may also be designated as 30(b)(6) witnesses. Further, Defendants' excuse is meritless in light of the fact that one of the witnesses whose deposition was noticed on August 25—Joonhee Lee—will not be a 30(b)(6) designee, *see id.*, yet Defendants have failed to provide a date even as to Lee.

### CONCLUSION

SpaceTime3D respectfully moves this Court to compel Defendants to (i) provide complete responses to Interrogatory Nos. 7 and 9; (ii) promptly produce licenses and requested damages discovery from *Apple*, *Cypress*, and *Rockstar*; and (iii) provide dates for noticed depositions.

---

[1] The damages expert reports from *Apple v. Samsung* are relevant to understanding how Defendants valued their own patents allegedly infringed by Apple's smartphones; *Cypress Lake Software v. Samsung* is relevant, as the patents-in-suit related to "navigating between different applications whose windows are simultaneously displayed on a computer screen." 382 F. Supp. 3d 586, 594 (E.D. Tex. 2019). And *Rockstar Consortium v. Samsung* is relevant, as at least one of the accused functionalities there involved Samsung's mobile devices that "display[] a navigable graphical user interface . . . that permits a user to manipulate and control the contents of the display to maximize the use of display real estate." Amended Compl. (Dkt. 19), No. 2:13-cv-900-JRG, at ¶ 55.

Dated: September 25, 2020					Respectfully submitted,

*/s/ Max L. Tribble, Jr.*
Max L. Tribble, Jr. – Lead Counsel
Texas State Bar No. 20213950
SUSMAN GODFREY, L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com

Matthew R. Berry
Washington State Bar No. 37364
SUSMAN GODFREY, L.L.P.
1201 Third Ave., Suite 3800
Seattle, Washington 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
mberry@susmangodfrey.com

Y. Gloria Park
New York Bar No. 5477047
SUSMAN GODFREY, L.L.P.
1301 Ave. of the Americas, 32nd Fl.
New York, New York 10019-6023
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
gpark@susmangodfrey.com

S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: 903-845-5770
ccapshaw@capshawlaw.com
ederieux@capshawlaw.com

*Attorneys for Plaintiff SpaceTime3D, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel for SpaceTime3D has conferred with counsel for Samsung via email and telephone. Further, lead and local counsel for SpaceTime3D conferred with lead and local counsel for Samsung by telephone on September 4 in a good-faith effort to resolve the matters raised by this motion. Counsel for Samsung is opposed as to the disposition of the matters raised in this motion.

*/s/ Max L. Tribble, Jr.*
Max. L. Tribble, Jr.

*/s/ Elizabeth L. DeRieux*
Elizabeth L. DeRieux

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that this document is being filed under seal pursuant to the terms of the protective order entered in this case because it contains information that Defendants have designated as Restricted - Attorneys' Eyes Only.

*/s/ Y. Gloria Park*
Y. Gloria Park

## CERTIFICATE OF SERVICE

I certify that on September 25, 2020, I electronically served the foregoing on all counsel of record vial email.

*/s/ Y. Gloria Park*
Y. Gloria Park

9